**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

THE STEEL WORKS, LLC,

        Plaintiff,

vs.                                    Case No. 07–2099-CM-DJW

SPECIALTY PARTS, INC., *et al.*

        Defendant.

_____

## AGREED PROTECTIVE ORDER

      Plaintiff, by and through its counsel James E. Ramsey and J. Patrick Chassaing, and Defendants, by and through their counsel, Kenneth C. Jones, hereby stipulate, subject to the approval of this court, that the following Order be entered in the above captioned matter pursuant to Fed.R.Civ.P. 26(c).

      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed.R.Civ.P. 26(c) and with the consent of the parties, ORDERED:

**1.**      **Nondisclosure of Protected Information.**

      Except with the prior written consent of the party or other person originally providing protected information contained within documents which have been marked "confidential," or as hereinafter provided under this Order, no such protected information may be disclosed to any person.

              (a)    A party producing documents in response to a request for production may make such documents available for examination without having first designated any such documents "confidential" as hereinafter designated.

        After examination of such documents by the requesting party and after documents have been designated by the requesting party for copying and production, the producing party shall designate as "confidential" whatever of such documents he believes to be subject to protection under Fed.R.Civ.P. 26(c) and as hereinafter designated. After designation of documents for copying and production by the requesting party, the producing party shall produce copies of the designated documents within ten (10) days after designation. The examination of documents produced under this procedure shall not constitute a complete or partial waiver of any claim of confidentiality, attorney client privilege or work product privilege.

(b)     "Protected information" means any information or knowledge which is obtained as the result of the examination of documents in this action when such information concerns 1) identities of clients of the parties, 2) cost, billing and pricing information of the parties, and 3) private communications between the parties, all related to the present action The Steel Works, LLC, v. Specialty Parts, Inc., Case No 07-2099.

(c)     A "designated confidential document" means any document which 1) contains protected information as defined by Paragraph 1, section (b) of this Order, and 2) has been designated as a confidential document by identifying such document by bates number or other readily identifiable method in a designation pleading filed by the party making such designation and served on all other parties of record to signify that it contains information believed to be subject to protection under Fed.R.Civ.P. 26(c). For purposes of this Order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person, whether produced

pursuant to Fed.R.Civ.P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs that quote, summarize or contain materials entitled to protection may be accorded status as a designated confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures.**

Notwithstanding paragraph 1, designated confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to the individuals who are parties to this action; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions and any special master appointed by the court). Such documents may also be disclosed:

(a) to outside consultants or experts retained for the purpose of assisting counsel in the litigation , and to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of

3

>>third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the attorney making the disclosure a form containing:
>
>>(1)   a recital that the signatory has read, understands, and agrees to be bound by this Order and has read and received all designations of confidential documents pursuant to paragraph 1(a) and (c) hereof.

> 3. **<u>Declassification</u>.**

A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) designated as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

> 4. **<u>Confidential Information in Depositions</u>.**

>>(a)   A deponent may during a deposition be shown, and examined about, designated confidential documents if the deponent already knows the confidential information contained therein. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order and shall provide a signed recital that the deponent has read, understands, and agrees to be bound by this Order and has read and received all designations of confidential documents pursuant to paragraph 1(a) and (c) hereof; before

being examined about, or asked to produce, potentially confidential documents.

(b) Parties (and deponents) may within 10 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential." Until expiration of the 10 day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial.**

Subject to the Federal Rules of Evidence, designated confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies.**

If any other court or an administrative agency subpoenas or orders production of designated confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

**7.** **Filing.**

Designated confidential documents need not be filed with the clerk except when required in connection with motions under Fed.R.Civ.P. 12 or Fed.R.Civ.P. 56 or other matters pending before the court.  If a party is required to file documents it believes to contain protected information as defined by paragraph 1 (a) and (c) above, it must first file a motion with the Court and be granted leave to file the particular documents under seal. If granted leave by the Court to file documents under seal, the party must do so in a fashion which complies with the Court's Administrative Procedures for electronically filing documents under seal.

**8.** **Use.**

Persons obtaining access to designated confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial or administrative or judicial proceedings.

**9.** **Non-termination.**

The provisions of this Order shall not terminate at the conclusion of these actions.  Within 120 days after final conclusion of all aspects of this litigation, designated confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after the final termination of this litigation.

**10.** **Modification Permitted.**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**11.     Responsibility of Attorneys.**

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of designated confidential documents. Parties shall not duplicate any designated confidential documents except working copies and for filing in court under seal.

IT IS SO ORDERED.

Dated this 15th day of October 2007.

> s/ David J. Waxse
> David J. Waxse
> U.S. Magistrate Judge

SUBMITTED BY:

SINGER TARPLEY & JONES
10484 Marty
Overland Park, KS 66212
(913) 648 – 6333
(913) 642 – 8742
kjones@stlaw.net


/s/ Kenneth C. Jones
Kenneth C. Jones, KS No. 10907
ATTORNEY FOR DEFENDANT


/s/ James Ramsey
James E. Ramsey
1100 Main Street, Ste. 2400
Kansas City, MO 64105
ATTORNEY FOR PLAINTIFF

/s/ J. Patrick Chassaing
J. Patrick Chassaing
130 S. Bemiston Ave., Ste. 200
St. Louis, MO 63105
ATTORNEY FOR PLAINTIFF

**NON-PARTY'S AGREEMENT TO BE BOUND BY COURT'S PROTECTIVE ORDER**

I, _____, being of lawful age, do hereby attest that:

I have read and understand the terms of the Protective Order ("Order") entered in *The Steel Works, LLC v. Specialty Parts, Inc., et al.,* Case No. 07 – 2099, filed in the Federal District Court of Kansas.

I understand that all parties in the action have a legitimate interest in preserving the confidentiality of protected information, as defined within the Order.

I acknowledge that, as a condition of receiving confidential information, as defined in the Order, I agree to bind myself to the terms and conditions of the Order.


_____            _____
Name (Printed)                                                    Signature


_____
Date


      Subscribed and sworn before me this \_\_\_\_\_ day of _____, 20\_\_.  My commission expires _____.


_____
Notary Public